UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x
PARAMITA BAGCHI,                              :     CASE NO.:  7:10-cv-04707-SCR
individually and on behalf of a class,        :
                                              :
                    Plaintiff,                :     **FIRST AMENDED CLASS ACTION
                                              :     COMPLAINT FOR VIOLATIONS OF
        vs.                                   :     THE FAIR DEBT COLLECTION
                                              :     PRACTICES ACT**
UNITED RECOVERY SYSTEMS, LP,                  :
                                              :     **DEMAND FOR JURY TRIAL**
                    Defendant.                :
---------------------------------------------x

## I.  PRELIMINARY STATEMENT

1.      Plaintiff, SHARI BAGCHI on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendant UNITED RECOVERY SYSTEMS, LP who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2.      The Plaintiff alleges that UNITED RECOVERY's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against

debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5. The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FCDPA and all other common law or statutory regimes. The Plaintiff, on behalf of herself and all others similarly situated, requests that she and the class members be awarded statutory, common law, punitive, and/or actual damages payable by the Defendant.

## II.  PARTIES

6. BAGCHI is a natural person.

7. At all times relevant to this complaint, BAGCHI resided in the Hamlet of Chappaqua, Westchester County, Florida and is a citizen of the State of Florida.

8. At all times relevant to this complaint, UNITED RECOVERY is a for-profit limited partnership existing pursuant to the laws of the State of Texas. UNITED RECOVERY maintains its principal business address at 5800 North Course Drive, City of Houston, Harris County, Texas.

9. UNITED RECOVERY's agent for process in the State of New York is CT Corporation System, which is located at 111 Eighth Avenue, City of New York, New York County, New York.

### III. JURISDICTION & VENUE

10. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

11. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of BAGCHI occurred within this federal judicial district, and because UNITED RECOVERY is subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV. FACTS CONCERNING PLAINTIFF

12. Sometime prior to March 5, 2010, BAGCHI allegedly incurred a financial obligation allegedly incurred a financial obligation to American Express Co. ("American Express Obligation").

13. The American Express Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

14. Defendant contends that the American Express Obligation is in default.

15. The alleged American Express Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

16. BAGCHI is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. BAGCHI is informed and believes, and on that basis alleges, that sometime prior to March 5, 2010, the creditor of the American Express Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to UNITED RECOVERY for collection.

18.     UNITED RECOVERY collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

19.     UNITED RECOVERY is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20.     On or about March 5, 2010, UNITED RECOVERY mailed an initial collection letter, which is dated March 5, 2010, and which BAGCHI received in the ordinary course of mail. ("3/5/2010 Letter"). A true and correct copy of the 3/5/2010 Letter is attached hereto as ***Exhibit A***, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

21.     The 3/5/2010 Letter was sent, or caused to be sent, by persons employed by UNITED RECOVERY as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22.     The 3/5/2010 Letter was sent to BAGCHI in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     The 3/5/2010 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

24.     On information and belief, the 3/5/2010 Letter is a computer-generated form letter that is prepared by UNITED RECOVERY and sent to consumers from whom it is attempting to collect a debt.

25.     In the top, right-hand, corner of the 3/5/2010 Letter, it states, "Amount Due: $3,367.83."

26.     In Paragraph 1 of the 3/5/2010 Letter UNITED RECOVERY invites the consumer to "remit payment in full of any undisputed amount, payable to American Express, in the enclosed envelope."

27. In Paragraph 4 of the 3/5/2010 Letter, however, UNITED RECOVERY makes the following statements:

> "As of the date of this letter, you owe the amount stated above. Because your account may accrue interest, late charges, and other charges, that may vary from day to day, the amount due on the date you pay may be greater. If you pay the amount above an adjustment may be necessary after we receive your check. If so, we will contact you."

28. On information and belief, contrary to statements contained in Paragraph 4 of the 3/5/2010 Letter, at no time does UNITED RECOVERY add "interest" to the consumer debts it seeks to collect.

29. On information and belief, contrary to statements contained in Paragraph 4 of the 3/5/2010 Letter, at no time does UNITED RECOVERY add "late charges" to the consumer debts it seeks to collect.

30. On information and belief, contrary to statements contained in Paragraph 4 of the 3/5/2010 Letter, at no time does UNITED RECOVERY add "other charges" to the consumer debts it seeks to collect.

31. On information and belief, UNITED RECOVERY is not permitted to add any "late charges" to the amount of the alleged debt it seeks to collect from consumers.

32. On information and belief, UNITED RECOVERY is not permitted to add any "other charges" to amount of the alleged debt it seeks to collect from consumers.

33. On information and belief, UNITED RECOVERY will send subsequent collection letters to consumers offering substantial discounts off the amount sought in its initial collection letters in the event consumers do not remit payment in response to Defendant's initial collection letter.

34. UNITED RECOVERY's statements in Paragraph 4 of the 3/5/2010 Letter are materially false, deceptive, and misleading in that, *inter alia*, they falsely suggest to consumers that the amount of their respective debts will increase <u>daily</u> due to an undisclosed amount of "interest, late charges, and other charges" that "vary from day to day."

35. UNITED RECOVERY's statements in Paragraph 4 of the 3/5/2010 Letter are materially false, deceptive, and misleading in that, *inter alia*, they state the consumer will, as a consequence, owe an additional undisclosed sum of money after payment is tendered to Defendant.

36. On information and belief, contrary to statements contained in Paragraph 4 of the 3/5/2010 Letter, at no time does UNITED RECOVERY continue to contact consumers to collect any additional undisclosed sums if the consumer pays the balance in full demanded on Defendant's initial collection letter.

37. UNITED RECOVERY's statements in Paragraph 4 of the 3/5/2010 Letter are materially false, deceptive, and misleading in that, *inter alia*, Defendant will not contact the consumer to collect any additional undisclosed sums if the consumer pays the balance in full demanded on Defendant's initial collection letter.

38. Nowhere does the 3/5/2010 Letter disclose date as of which the stated "Amount Due" was the full amount of debt.

39. Nowhere does the 3/5/2010 Letter provide Plaintiff with any instructions on how she may obtain an exact payoff amount for the alleged debt.

40. The 3/5/2010 Letter collection caused Plaintiff uncertainty and forced her to guess how much money she allegedly owed Defendant, how much money would accrue daily on her alleged debt, how much additional money she would owe if she paid the amount demanded in

the 3/5/2010 Letter, and if/when UNITED RECOVERY's collection efforts would actually stop if she remitted the entire payment demanded.

41.     The 3/5/2010 Letter collection would cause the least sophisticated consumer uncertainty and forced s/he to guess how much money s/he allegedly owed Defendant, how much money would accrue daily on his/her alleged debt, how much additional money s/he would owe if they paid the amount demanded in the 3/5/2010 Letter, and if/when UNITED RECOVERY's collection efforts would actually stop if s/he remitted the entire payment demanded.

42.     Defendant intended that its materially false statements contained in the 3/5/2010 Letter cause Plaintiff and other consumers confusion about the exact amount of money allegedly owed.

43.     Defendant intended that its materially false statements contained in the 3/5/2010 Letter cause Plaintiff and other consumers to incorrectly believe that they would benefit financially by immediately sending payment for the amount demanded in Defendant's initial collection rather than waiting to make such payment.

44.     On information and belief, the statements contained in Paragraph 4 of the 3/5/2010 Letter that "late charges" and "other charges" would continue to accrue on Plaintiff's alleged constitutes a false threat to take any action that cannot legally be taken or that is not intended to be taken.

45.     On information and belief, the statements contained in Paragraph 4 of the 3/5/2010 Letter that "adjustment may be necessary" after UNITED RECOVERY received Plaintiff's check constitutes a false threat to take any action that cannot legally be taken or that is not intended to be taken.

46. On information and belief, the statements contained in Paragraph 4 of the 3/5/2010 Letter that UNITED RECOVERY would "contact" Plaintiff if it received Plaintiff's check for the full balance it demanded constitutes a false threat to take any action that cannot legally be taken or that is not intended to be taken.

## V.  POLICIES AND PRACTICES COMPLAINED OF

47. It is Defendant's policy and practice to send initial written collection communications, in the form attached as *Exhibit A*, that violate the FDCPA by, *inter alia*:

    (a) Using false, deceptive, or misleading representations or means in connection with the collection of any debt;

    (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken; and

    (c) Failing to accurately state the amount of the alleged debt.

48. On information and belief, UNITED RECOVERY sent a written communication, in the form attached as *Exhibit A*, to at least 50 natural persons in the State of New York.

## VI.  CLASS ALLEGATIONS

49. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50. With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New York (b) to whom Defendant sent a written communication in the form attached as *Exhibit A* (c) in connection with Defendant's attempt to collect a debt on behalf of American Express Co. (d) which written communications violate the FDCPA (e) during a period beginning one year prior to the filing of this action and ending upon the service of this

amended complaint.

51.     The identities of all class members are readily ascertainable from the records of UNITED RECOVERY and American Express Co.

52.     Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

53.     There are questions of law and fact common to the Second Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's written communications, in the form attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692g(a)(1).

54.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

55.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

56.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's written communications, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692g(a)(1).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

57. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk

of inconsistent or varying adjudications which could establish incompatible standards of conduct for UNITED RECOVERY, which, on information and belief, collects debts throughout the United States of America.

58. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

59. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed.R.Civ.P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANT)

60. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

61. Defendant violated the FDCPA. Defendant's violations with respect to its written communications in the form attached as *Exhibit A* include, but are not limited to, the following:

   (a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

   (b) Making false threats to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

   (c) Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

(d)   Failing to properly disclose the amount due in violation of 15 U.S.C. § 1692g(a)(1).

## IX.  PRAYER FOR RELIEF

62.   WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Classes as follows:

A.   **For the FIRST CAUSE OF ACTION**:

   (i)   An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing BAGCHI and the undersigned counsel to represent the First Plaintiff Class as previously set forth and defined above.

   (ii)   An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing BAGCHI and the undersigned counsel to represent the Second Plaintiff Class as previously set forth and defined above.

   (iii)   An award of the maximum statutory damages for BAGCHI and the First Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

   (iv)   An award of the maximum statutory damages for BAGCHI and the Second Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

   (v)   Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

   (vi)   For such other and further relief as may be just and proper.

## X. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED: Uniondale, New York
August 6, 2010

*s/ Abraham Kleinman*
ABRAHAM KLEINMAN, ESQ. (AK-6300)
626 RXR Plaza
Uniondale, NY 11556-06265
Telephone: (516) 522-2621
Facsimile: (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

WILLIAM F. HORN, ESQ. (WH-1070)
Law Office of William F. Horn
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
E-Mail: bill@wfhlegal.com

*Attorneys for Plaintiff, Paramita Bagchi, and all others similarly situated*

# EXHIBIT A

5800 North Course Drive
Houston, Texas 77072

March 5, 2010

Address Service Requested

#BWNFTZF #URS28841273100031#

14004468
Paramita Bagchi
8 SEVEN BRIDGES RD
CHAPPAQUA NY 10514-1502


UNITED RECOVERY SYSTEMS, LP
WWW.URSI.COM

Date: March 5, 2010
Creditor: American Express Co.
Account No. ████████1008
URS No. ████4468
Amount Due: $3,367.83
Telephone: 866-244-0774, ext 892

United Recovery Systems, LP
P.O. Box 722929
Houston, TX 77272-2929

*Please detach at perforation and return with your payment*

## IMPORTANT NOTICE           IMPORTANT NOTICE

### An opportunity to put your debt behind you
### CALL 866-244-0774 EXT. 892

Your American Express account is seriously past due. At United Recovery Systems, LP, we know you want to put this debt behind you, so we ask that you remit payment in full of any undisputed amount, payable to American Express, in the enclosed envelope.

Please call me toll-free at 866-244-0774, ext 892 so that I can develop a full appreciation of your situation.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

As of the date of this letter you owe the amount stated above. Because your account may accrue interest, late charges and other charges that may vary from day to day, the amount due on the date you pay may be greater. If you pay the amount above an adjustment may be necessary after we receive your check. If so, we will contact you.

This communication is from a debt collector. We are required to inform you that this is an attempt to collect a debt, and any information obtained will be used for this purpose.

Sincerely,

*Mrs W White*

MRS W WHITE
866-244-0774, ext 892
United Recovery Systems, LP
P.O. Box 722929
Houston, TX 77272-2929

If you write to us and ask us to stop communicating with you about this debt, we will, but if you owe this debt, you will still owe it and the debt may still be collected from you. If you have a complaint about the way we are collecting this debt, you may write to our CONTACT CENTER, 5800 North Course Drive, Houston, TX 77072 or call us toll-free at (800) 326-8040 between 9:00 A.M. CST and 5:00 P.M CST Monday-Friday.

## IMPORTANT NOTICE           IMPORTANT NOTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PARAMITA BAGCHI,<br>individually and on behalf of a class,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED RECOVERY SYSTEMS, LP,<br><br>Defendant. | CASE NO.: 7:10-cv-04707-SCR<br><br>**CERTIFICATE OF SERVICE** |

I, William F. Horn, being duly admitted to practice law in the State of New York and in the United States District Court for the Southern District of New York, hereby affirm under the penalties of perjury that on August 6, 2010, I served the First Amended Class Action Complaint on the Clerk of this Court using FedEx delivery service. I also certify that the First Amended Class Action Complaint is being served this day on all counsel of record and Parties to this action in the manner specified, via FedEx delivery service.

DATED: Fresh Meadows, New York
August 6, 2010

*s/ William F. Horn*
WILLIAM F. HORN, ESQ. (WH-1070)
Law Office of William F. Horn
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
E-Mail: bill@wfhlegal.com

*One of the Attorneys for Plaintiff, Paramita Bagchi, and all others similarly situated*