A REGIONAL DEFENSE LITIGATION LAW FIRM

| MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN |

A PROFESSIONAL CORPORATION   www.marshalldennehey.com

**PENNSYLVANIA**
Bethlehem
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton
Williamsport

**NEW JERSEY**
Cherry Hill
Roseland

**DELAWARE**
Wilmington

**OHIO**
Akron

**FLORIDA**
Ft. Lauderdale
Jacksonville
Orlando
Tampa

**NEW YORK**
New York

140 Broadway. 19th Floor · New York, NY 10005
(212) 878-1700 · Fax (212) 878-1701

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _____

Direct Dial: 212-878-1708
Email: JJImeri@mdwcg.com



# MEMO ENDORSED
July 19, 2011

*Via FedEx*
Hon. George A. Yanthis
United States Magistrate Judge
The Hon. Charles L. Brieant Jr. Federal
Building and United States Courthouse
300 Quarropas Street, Courtroom 421
White Plains, NY 10601-4150

RECEIVED
JUL 21 2011
CHAMBERS OF
GEORGE A. YANTHIS
U.S.M.J.

     Re:    Bagchi v. United Recovery Systems, L.P.
            Case No.: 10-cv-04707 (LAK-GAY)
            Our File: 21096.00118

Your Honor:

     Currently pending before your Honor is Defendant United Recovery Systems, LP's ("URS") Motion to Dismiss Plaintiff's First Amended Complaint. [Docs. 13-15, 17, and 21]. I am counsel of record for URS in this action. As the Court will recall, Plaintiff's First Amended Complaint alleges that URS mailed Plaintiff an initial collection letter, dated March 5, 2010, which states the Amount Due of $3,367.83 in the right-hand corner of the letter. The letter asks the consumer to remit payment in full of any undisputed amount, payable to American Express, in the enclosed envelope. The letter also provides the information required by 15 U.S.C. § 1692g for validation notices, including the "safe harbor" provision set forth in <u>Miller v. McCalla</u>, 214 F.3d 872, 876 (7th Cir. 2000) which is tailored to conform with the notice provision of the FDCPA in situations where the amount of the debt may vary due to accruing interest, late charges and other charges.

> As of the date of this letter you owe the amount stated above. Because your account may accrue interest, late charges and other charges that may vary from day to day, the amount on the date you pay may be greater. If you pay the amount above an adjustment may be necessary after we receive your check. If so, we will contact you.

> (See March 5, 2010 Letter, Exhibit "A").

It is this language which Plaintiff alleges violates the FDCPA. Specifically, Plaintiff alleges that the amount that URS seeks to collect will *never* vary from the date of issuance and URS *never* attempts to contact consumers to collect additional interest or make adjustments. These arguments are inaccurate.

In fact, it has come to URS' attention that Plaintiff's counsel, Abraham Kleinman, filed a separate action against URS in 2007 on behalf of Sarah Tannebaum, based on the plaintiff/debtor's receipt of two letters. (See Exhibit "B"). The first is an initial collection letter which states the Amount Due of $2,240.66. The second is a subsequent settlement letter which offers to settle the debt for 100% of the amount owed, which at that time had increased to $2,334.92 (an increase of $94.92). As a result, it is clear that URS would add interest or fees, through the direction of its underlying creditor, in subsequent communications to the debtor. Therefore, Mr. Kleinman knew or should have known, through his subsequent dealings with URS, that the basis for his supplemental opposition to the pending motion was based on an erroneous conclusion by Plaintiff.

Any argument that URS was not permitted to add interests or charges at the direction of the creditor to Ms. Bagchi's account, specifically, are equally disingenuous. As URS has continuously argued, accrual of interest and fees are a standard consequence in the context of consumer credit card debt. Adlam v. FMS, Inc., 2010 U.S. Dist. LEXIS 33433 (S.D.N.Y. Apr. 5, 2010) (Scheindlin, J). Accordingly, URS submits that its Motion to Dismiss should be granted and Plaintiff's Amended Complaint should be dismissed in its entirety.

Alternatively, to the extent that Plaintiff submits that Bagchi's account is somehow unique, this allegation would, at a minimum, defeat Plaintiff's attempts to certify a class. Indeed, any allegation that URS would not add interest and fees to Ms. Bagchi's account alone, then the collection activities directed to her would be unique, lacking typicality, commonality, and ascertainability, and would defeat any class action allegation.

Respectfully submitted,

Jeffrey J. Imeri (JI 3938)

JJI/mbb
Enclosures

cc: *Via FedEx*
Abraham Kleinman, Esq.
Kleinman LLC
626 Rexcorp Plaza
Uniondale, NY 11556

*Via FedEx*
William F. Horn, Esq.
188-01B 71st Crescent
Fresh Meadows, NY 11365

(Attorneys for Plaintiff)

27/1588127.v1