UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PARAMITA BAGCHI,

                              Plaintiff,

              -against-                                          **REPORT AND**
                                                                **RECOMMENDATION**
UNITED RECOVERY SYSTEMS, LP,
                                                                10 Civ. 4707 (LAK) (GAY)

                              Defendant.
-------------------------------------------------------------X

To the Honorable Lewis A. Kaplan, United States District Judge:

        Plaintiff Paramita Bagchi filed this action on behalf of herself and all others

similarly situated, against defendant United Recovery Systems, LP ("URS"), alleging

violations of sections 1692g(a)(1), 1692e, 1692e(5) and 1692e(10) of the Fair Debt

Collection Practices Act ("FDCPA").  Defendant has moved to dismiss all claims

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ('FRCP") for failure to

state a claim.  For the reasons that follow, I respectfully recommend that defendant's

motion should be denied.


## I.  FACTUAL ALLEGATIONS

        The Court accepts as true the following facts taken from the Complaint:

        URS is a debt collector.  On March 5, 2010 it sent a debt collection letter to

plaintiff Bagchi, a consumer.  The alleged debt was in the amount of $3,367.83 and was

owed to American Express.  The collection letter stated, in pertinent part:

As of the date of this letter you owe the amount stated above.  Because your account may accrue interest, late charges and other charges that may vary from day to day, the amount due on the date you pay may be greater.  If you pay the amount above an adjustment may be necessary after we receive your check.  If so, we will contact you.

Bagchi alleges that, contrary to what is stated in its collection letter, URS never adds interest, late charges or other charges to the consumer debt it seeks to collect,[1] and in fact will send subsequent letters to debtors offering to settle the debt at a discount.  Bagchi further alleges that URS is not permitted to add any other charges to the amount of the alleged debt it sought to collect from her.  Finally, Bagchi avers that the language of the collection letter caused her uncertainty regarding how much she owed, how much she might owe in the future even if she paid the debt immediately, and whether the debt collection efforts would cease if she remitted the debt balance stated in the letter.

## II.  DISCUSSION

A.     Rule 12(b)(6) Standard of Review

In evaluating a motion to dismiss a complaint under FRCP 12(b)(6), this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient."  Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  In doing so, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the

---

[1]   Defendant has submitted evidence that it has, at least in one case in 2007, added interest to the amount owed by a debtor who did not pay her debt immediately. The Court cannot, at this stage in the litigation, consider this extrinsic evidence.

light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001).  Ultimately, the Court must grant a 12(b)(6) motion to dismiss if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). The court must analyze the complaint to determine which statements are well-pleaded factual allegations, assume their veracity, and "then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.  Statements deemed "legal conclusions" rather than factual allegations are not entitled to the assumption of truth. Id. at 1950-51.

B.    FDCPA Claims

Plaintiff alleges that the language in defendant's collection letter is inaccurate, misleading and deceptive, and contains false representations because it suggests that interest or other charges may be added to the account balance.  She claims that in practice defendant *never* increases the balance, and *never* attempts to contact consumers regarding making an adjustment after it receives a check.

In the Second Circuit, "the question of whether a communication complies with the FDCPA is determined from the perspective of the least sophisticated consumer." Jacobsen v. Healthcare Financial Services, Inc., 516 F.3d 85, 90 (2d Cir. 2008) (internal quotations omitted).  "In applying this standard, the court must bear in mind the

3

FDCPA's "dual purpose" – to protect consumers against deceptive debt practices and to protect debt collectors from unreasonable constructions of their communications." Adlam v. FMS, Inc., No. 09 Civ. 9123, 2010 WL 1328958, at *2 (S.D.N.Y. April 5, 2010).

The FDCPA requires that a debt collector provide the consumer with notice of the debt by "sending a written notice containing . . . the amount of the debt."  15 U.S.C. § 1692g(a)(1).  Notice may be improper even where all information required by the FDCPA is included, if such notice "is overshadowed or contradicted by other language in the communications to the debtor."  Jacobsen, 516 F.3d at 90.

Section 1692e(5) prohibits "[t]he threat to take action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).   Also, a debt collector is barred from "us[ing] any false, deceptive or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  This includes "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  Id. at 1692e(10).   A debt collection communication is deceptive and, thus, in violation of 15 U.S.C. § 1692e(10), "when it can be reasonably read to have two or more different meanings, one of which is inaccurate."  Beauchamp v. Financial Recovery Services, Inc., No. 10 Civ. 4864, 2011 WL 891320, at *2 (S.D.N.Y. Mar.14, 2011).

In Beauchamp, the facts were almost identical to those at bar, involving virtually the same language in each collection letter.  Id.  There, as here, the plaintiff alleged that the defendant never increased the balance owed.  The Beauchamp court held that the language of the letter, combined with the allegation of defendant never increasing the balance, could "'make the least sophisticated consumer uncertain as to her rights' and

4

leave her confused about the total amount she owes." Id. at *3 (quoting Jacobsen, 516F.3d at 90).

Here, defendant argues – as the defendant in Beauchamp did – that the language in its collection letter is substantially similar to the "safe harbor" provision set forth in Miller v. McCalla, 214 F.3d 872, 876 (7th Cir. 2000), and is therefore not in violation of the FDCPA.  Defendant is correct that the notification language in the letter at issue mirrored that of Miller's "safe harbor" provision, but that language was designed for instances where interest could or would accrue.  Here, however, Bagchi contends that URS *never* increases the balance owed.  Because the collection letter sent by URS provides that the outstanding balance *may* increase, when in fact it would not, the "safe harbor" provision is inapplicable.  The Seventh Circuit later explained in Chuway v. National Action Financial Services, Inc., 362 F.3d 944, 949 (7th Cir. 2004):

> If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the Act by stating the "balance" due, stating that the creditor "has assigned your delinquent account to our agency for collection," and asking the recipient to remit the balance listed – and stopping there, without talk of the "current" balance.  If, instead, the debt collector is trying to collect the listed balance plus the interest running on it or other charges, he should use the safe-harbor language of Miller.

Reading the language at issue, the least sophisticated consumer might reasonably conclude that she must pay the balance stated immediately or risk owing a larger amount.  The defendant's collection letter therefore could confuse the least sophisticated consumer as to both her rights and the total amount she owes. Beauchamp, 2011 WL 891320 at *3.  Thus, assuming the veracity of plaintiff's claims, URS's letter sent to Bagchi violates § 1692g(a)(1).

Defendant further argues that Bagchi's debt is owed on a credit card, that "even

the least unsophisticated consumer would understand that credit card debt accrues interest," <u>Adlam</u>, 2010 WL 1328958 at * 3, and therefore, notice that interest or other late charges  "may" accrue on the account is reasonable and appropriate.  Here, the difference is that plaintiff alleges that URS *never* actually added such interest or other charges.

Plaintiff's remaining claims of false representation and false threats similarly survive defendant's motion to dismiss, for essentially the same reasons as above. Plaintiff alleges that defendant *never* applies interest or other charges, but then states in its collection letter that it "may" may do so.  A consumer might reasonably be led by the letter to believe that URS can and does increase unpaid debt balances.  As such, defendant would have misrepresented its practices in an attempt to collect a debt. Moreover, it would have threatened to take action it does not intend to take or, depending on the agreement between URS and American Express, cannot legally to take.  Assuming the facts as alleged by plaintiff to be true, as the Court must on a motion to dismiss, said letter would be in violation of §§ 1692e, 1692e(5), and 1692e(10).

## III.  CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend, that defendant's motion to dismiss should be denied.

## IV.  NOTICE

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), the parties shall have

fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections.  See Fed. R. Civ. P. 6(d).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Lewis A. Kaplan, United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned at 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Lewis A. Kaplan and not to the undersigned.


Dated:   August 17, 2011
         White Plains, New York

Respectfully Submitted:

GEORGE A. YANTHIS, U.S.M.J.